UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE COMMUNITIES OF MISSOURI, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:08CV617 CDP |
| JEFFERSON ARMS BUILDING, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This case is a real property dispute in which plaintiff sold a building to a group of defendants who have failed to fully compensate the plaintiff in accordance with the terms of the sales contract. Defendant Citicorp North America, Inc. has moved to dismiss Counts IV and V of plaintiff's complaint, which seek an equitable lien on the property plaintiff sold to defendants Jefferson Arms Building, LLC and Pyramid Construction, Inc. Because I conclude that the contract for sale of property in this case bars plaintiff from seeking an equitable lien, Citicorp's motion to dismiss these counts from the complaint will be granted. I will also grant the pending motion to withdraw an offer of judgment.

Background

Affordable Communities of Missouri is a California limited partnership that owned the Jefferson Arms apartment building in downtown St. Louis. Affordable Communities sold the building to defendants Jefferson Arms Building, LLC and Pyramid Construction, Inc. The terms of the sale contract specified that Affordable Communities was to receive both a "purchase price" of $19 million at closing, plus a "deferred purchase price" after title to the building was delivered. The deferred purchase price consisted of a percentage of certain federal and state historic rehabilitation tax credits that the buyers would apply for and obtain once planned renovations on the building commenced.

The defendants failed to develop the Jefferson Arms building as planned, failed to apply for or obtain the tax credits, and are now believed to be insolvent. Affordable Communities has sued the two defendants who purchased the property, plus John and Dewana Steffen (who were personal guarantors on the sale contract for the building). Affordable Communities asserts claims for breach of contract, breach of implied covenant of good faith and fair dealing, and an action on the guaranty. In addition, Affordable Communities has named as a defendant Citicorp North America, Inc., the bank that financed the buyers' loan used to purchase the property. Citicorp has recorded a deed of trust granting a lien on the Jefferson Arms building. Affordable Communities seeks to obtain an equitable lien on the

building from this Court, and claims that this equitable lien should have priority over Citicorp's deed of trust. Citicorp has moved to dismiss the claims asserted against it, arguing that the contract for sale between the buyers and sellers explicitly bars Affordable Communities from seeking an equitable lien.[1]

Some time after Citicorp's motion to dismiss was filed, defendant Jefferson Arms filed a Rule 68 Offer of Judgment with the Court, thereby giving notice that Jefferson Arms was allowing plaintiff to take judgment on Counts I (breach of contract), II (breach of good faith and fair dealing), and IV (equitable lien). The following day, Jefferson Arms filed a motion to withdraw the offer of judgment, stating that the earlier offer had been filed due to a miscommunication between client and counsel, and should be disregarded. Plaintiff subsequently filed a motion for entry of judgment, claiming that it was thereby accepting the offer of judgment, and arguing that under Rule 68, Jefferson Arms was unable to rescind the offer once made.

Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a

---

[1] Citicorp's motion is deemed to relate to the claims raised in plaintiff's second amended complaint, the operative pleading filed after Citicorp moved to dismiss. Plaintiff filed the second amended complaint in order to correct certain errors relating to the pleading of parties' citizenship, although the claims in the second amended complaint are identical to the claims in plaintiff's first amended complaint.

motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief." Although specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Affordable Communities is petitioning this Court for an equitable lien on the Jefferson Arms building because Affordable Communities alleges that it has not been adequately compensated for its sale of the building to defendants. Under Missouri law, "equity allows a lien to be placed on the proceeds of the sale of

property on which an obligation is owed and where the law does not provide an adequate remedy and justice would suffer without equitable relief." *Estate of Ripley v. Mortgage One Corp.*, 16 S.W.3d 593, 596 (Mo. Ct. App. 1999). Missouri courts have held that there generally must be "an express agreement or conduct or dealings of the parties from which an intention may be implied, that some specific property shall be appropriated as security for a debt or obligation before equity will consider that a lien should be declared on the property." *Ethridge v. TierOne Bank*, 226 S.W.3d 127, 133-34 (Mo. 2007) (quoting *Wilkinson v. Tarwater*, 393 S.W.2d 538, 542 (Mo. 1965)). According to the Missouri Supreme Court in *Ethridge*, the requirements for establishing a lien can be set forth in three elements: (1) a duty or obligation owing by one person to another; (2) a res to which that obligation fastens which can be identified or described with reasonable certainty; and (3) an intent, express or implied, that the property serve as security for the payment of the debt or obligation. *Ethridge*, 226 S.W.3d at 134.

    Here, Affordable Communities has adequately pled that it is owed a duty or obligation, and that there is a specific res (the Jefferson Arms Building) to which that obligation relates. Defendant Citicorp argues, however, that Affordable Communities cannot show an express or implied intent between the contracting parties to encumber the property with a lien benefitting Affordable Communities.

In fact, argues Citicorp, the language of the sales contract makes explicit that Affordable Communities cannot seek any such lien. According to the terms of the amended sales contract:

> Seller's sole remedy in the event of Buyer's breach of its obligation to pay the Deferred Purchase Price is a claim for damages against buyer and John R. Steffen and Seller waives any right to sue for specific performance of Buyer's obligations or to enjoin Buyer's redevelopment of the Property.

Thus, argues Citicorp, Affordable Communities is free to pursue a claim for damages against the defendants, as it has done in the first three counts of the complaint. But under the agreement, Affordable Communities is not entitled to seek an equitable lien on the property.

Affordable Communities responds by noting that Citicorp was never a party to the contract between Affordable Communities and the purchasing defendants. Since the central issue is one of intent – i.e., the intent of the contracting parties – Citicorp cannot claim that the contract unequivocally bars Affordable Communities from seeking the lien. At the very least, argues the plaintiff, discovery should be allowed so as to provide plaintiff with an opportunity to produce evidence of the parties' intent.

Plaintiff's argument is not persuasive. The contract here is plain on its face, and the parties' intent at the time of the contract was formed is readily apparent. The "intent of the parties is determined based on the contract alone unless the

contract is ambiguous." *Trimble v. Pracna*, 167 S.W.3d 706, 714 (Mo. 2005).

Language that limits plaintiff's "sole remedy" to "a claim for damages" is not ambiguous. Had the parties wished to leave open the possibility that Affordable Communities might seek an equitable lien, they could have easily done so. But by asserting equitable claims here against Citicorp, Affordable Communities is doing precisely what it said in the sales contract it said it would not do. For this reason, Citicorp's motion to dismiss will be granted.

Additionally, I will grant defendant Jefferson Arms' motion to withdraw its Rule 68 Offer of Judgment. The briefs submitted by the parties and the affidavits filed in support demonstrate that the offer of judgment was simply filed by mistake. The docket shows that the offer was withdrawn before it was accepted.[2] Moreover, neither the defendant's offer of judgment nor the plaintiff's complaint mentioned a specific dollar amount that the plaintiff is seeking. It would be impossible for this Court to enter a judgment on the basis of this document.

---

[2]Affordable Communities argues that the Eighth Circuit has "definitively adopted" the position that an offer of judgment is irrevocable "in all circumstances," and for this proposition cites *Perkins v. U.S. West Communications*, 138 F.3d 336, 339 (8th Cir. 1998). *Perkins* does not say what Affordable Communities says it says. In fact, *Perkins* specifically mentions with approval the fact that other courts have allowed a Rule 68 offer to be rescinded for good cause. *Id.* at 338 (citing *Fisher v. Stolaruk Corp.*, 110 F.R.D. 74, 76 (E.D. Mich. 1986) (permitting revocation when amount of offer obviously calculated under mistake of law and defendant notified plaintiff of mistake before service of acceptance)). *See also Thompson v. Southern Farm Buerau Cas. Ins. Co.*, 520 F.3d 902, 904 (8th Cir. 2008) ("Principles of contract law are applied to test whether there has been valid offer and acceptance under Rule 68.").

Therefore, even if the offer were held to be irrevocable, it is not in the proper format and it is rejected by this Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Citicorp North America's motion [#22] to dismiss the claims asserted against it in Counts IV and V of plaintiff's second amended complaint is GRANTED. The plaintiff and the remaining defendants are referred to ADR by a separate order entered this same day.

**IT IS FURTHER ORDERED** that Citicorp's motions for oral argument [#28], [#40] are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that defendant Jefferson Arms' motion to withdraw its Offer of Judgment [#36] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's motion [#37] for entry of judgment and defendant's motion [#41] to strike its offer of judgment are DENIED AS MOOT.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2009.